**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

TINA SANCHEZ,                                )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )      No. 2:19-cv-0115
                                             )
TRANSWORLD SYSTEMS INC.,                     )
                                             )
        Defendant.                           )

## COMPLAINT

NOW COMES Plaintiff, TINA SANCHEZ ("Plaintiff"), by her attorneys, and hereby alleges the following against TRANSWORLD SYSTEMS INC. ("Defendant"):

### Nature of the Action

1.      Plaintiff's Complaint arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and for invasion of privacy.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.      28 U.S.C. § 1367 grants this Court supplemental jurisdiction over the claims arising under state law and common law.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## Parties

5.      Plaintiff is a natural person residing in Porter County in Portage, Indiana.

6.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) who allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a business entity with principle office located in Fort Washington, Pennsylvania.

8.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

11.     Defendant is attempting to collect funds that are allegedly past due and owed by Plaintiff to Centier Bank.

12.     The alleged debt arises from transactions that were for personal, family, and household purposes.

13.     In connection with its attempts to collect the alleged debt, Defendant spoke with Kyle Vottero.

14.     Vottero does not owe the alleged debt nor is he obligated the pay the alleged debt.

15.     During a conversation with Vottero on February 18, 2019, Defendant informed Vottero that it was a debt collector attempting to collect from Plaintiff a debt owed to Centier Bank.

2

16.     Plaintiff never gave Defendant permission to discuss the alleged debt with Vottero.

17.     Any debt that Plaintiff owes or allegedly owes is a private matter that is not of concern to the public or Vottero.

18.     The act of disclosing Plaintiff's private and personal financial information, including an alleged delinquency of a payment obligation, is highly offensive.

19.     Vottero did not know that Plaintiff alleged owed a debt to Centier Bank until Defendant provided him that information.

20.     Plaintiff has been embarrassed, humiliated and annoyed by Defendant's disclosure to Vottero.

COUNT I
Defendant Violated the Fair Debt Collection Practices Act

21.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

22.     Defendant's actions alleged *supra* violated the FDCPA based on the following:

   a. Defendant violated § 1692c(b) of the FDCPA by communicating with individuals other than Plaintiff and inform third parties that it was collecting a debt from Plaintiff; and

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff.

Court II
Invasion of Privacy – Public Disclosure of Private Facts

23.     Plaintiff re-alleges each of the foregoing as fully set forth herein.

3

24.    Defendant's actions alleged *supra* resulted an intrusion and invasion of Plaintiff's privacy, which would be highly offensive or objectionable to a reasonable person in that position.

25.    Plaintiff has suffered actual damages as a direct and proximate result of Defendant's intrusion.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

26.    Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

27.    Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

28.    Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the invasion of privacy;

29.    Costs and reasonable attorneys' fees;

30.    Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: March 22, 2019

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff